Wunderlich Act; responsibility for preproduction test methods; option to increase quantities of supplies; validity of option clause with no fixed expiration date; effect of *494 erroneous but irrelevant factual determination; Government responsibility for delay in testing; pleading and practice; belated attempt to raise before court issue previously dropped; inexcusable delay. — Plaintiff contractor seeks Wunderlich Act review of a decision by the Armed Services Board of Contract Appeals [77-2 BCA para. 12797] denying a claim of increased costs resulting from alleged constructive changes in certain contract provisions. Plaintiff was awarded a firm, fixed-price contract to develop and supply signal flare kits. An option clause, as amended, was exercisable by the Government within 30 days after Government approval of preproduction samples "or August 31, 1974, whichever occurs later.” Plaintiffs initial test method for determining a sufficient firing pin force for the launcher component yielded varied results and was deemed inadequate by the Government, resulting in delay. After modified tests the Government approved preproduction samples and exercised the contract option. Plaintiff deemed the option to be ineffective, performed under protest, and appealed to the Board. On March 7, 1979 Trial Judge Lloyd Fletcher filed a recommended opinion (reported in full at 26 CCF ¶83,127) upholding the Board’s decision as supported by substantial evidence and otherwise correct as a matter of law. Plaintiff argued that the option clause was void ab initio because it lacked a definite expiration date and, alternatively, was not exercised in a timely manner. The trial judge held that where the running of an option period is triggered by an event which is substantially within the control of the holder of the option, that fact alone does not make the option void ab initio. It is sufficient to hold the optionee to good faith action within a reasonable time. Exercise of the option was timely in that the Government complied with the plain and unambiguous meaning of the clause. A unilateral subjective interpretation by one of the parties cannot prevail. Also, exercise was timely since the refusal of the Government to approve plaintiffs initial method of testing firing pin force was justified in that the requisite repeatability of results was not demonstrated. Plaintiff also pointed to an erroneous dating of test results by the Board as grounds for reversal. However the trial judge held that error in the Board’s findings of fact does not require reversal of its *495 ultimate conclusion unless such erroneous factual determination has a significant influence on the outcome reached by the Board. On December 7, 1979 the court entered the following order:
Neil D. Naiden and O.S. Hiestand for plaintiff; Lisa Anderson, attorney of record. Morgan, Lewis & Bockius, of counsel.
Dwight D. Meier, with whom was Acting Assistant Attorney General Alice Daniel, for defendant. Stephen A. Warren, of counsel.
Before Davis, Judge, Presiding, Kashiwa and Smith, Judges.
This case comes before the court on plaintiffs request for review of Trial Judge Fletcher’s recommended decision and conclusion of law, filed March 9, 1979. Oral argument has been had and the court has also considered the parties’ written submissions.
The court agrees with the trial judge’s opinion and conclusion of law, copies of which have been furnished to the parties, and adopts that opinion as the basis for its judgment in this case.
In its briefs requesting review of the trial judge’s opinion and conclusion of law,[1] the plaintiff challenged only the trial judge’s determination that the option clause in plaintiffs contract was valid and properly exercised in this instance. Those legal issues were the only ones raised. There was no challenge whatever to the factual conclusion of the Board of Contract Appeals sustained by the trial judge that plaintiffs original proposal for the firing pin force test method was deficient and did not meet the contract specifications. Accordingly, defendant’s brief did not deal with that factual issue.
At the oral argument on October 30, 1979, plaintiffs counsel, for the first time and without any previous communication or briefing on the subject, sought orally to present to the court the factual issue. The fact that plaintiff had not previously raised that issue was pointed *496 out from the bench, but plaintiff was not prohibited from discussing the matter. After the argument, on November 5, 1979, plaintiff filed a motion for leave to amend its earlier request for review of the trial judge’s decision so as to raise the factual issue (in addition to the legal questions previously raised). Defendant asks that that motion be denied on the ground that it comes far too late, prejudices defendant, and is an unwarranted dilatory tactic.
In the circumstances of this case, we see no excuse whatever for the lateness of plaintiffs attempt to enlarge the issues to be considered by the court on review of the trial judge’s decision. There is, on the other hand, prejudice to the defendant and to the court. The factual issue now attempted to be inserted at the appellate level has long been known to plaintiff, was argued to the trial judge, and was decided by him in his opinion. It was obviously the deliberate decision of plaintiffs then authorized counsel to drop that issue in presenting the case to the court on the request for review. It was not until different counsel (from the same firm) appeared to argue the case orally — several months after the briefs on both sides had been filed — that any hint was given to the defendant or to the court of a desire to present the factual issue. As a result the court and probably government counsel were unprepared to consider the factual issue at the oral argument; and the court had no written arguments to help it with the point. If we were at this late stage to allow the requested amendment of the request for review we would now have to allow the defendant time to present in written form its position on the factual issue and fairness might well call for a further oral argument directed to that subject. The end-result would be unnecessary delay, repetition, and extra work — all attributable to plaintiffs unexcused and lengthy failure to present the factual issue at a proper time if it wished to raise that question. Justice does not require that, in this situation, we grant the post-argument motion for leave to amend the request for review, and we deny it.
The conclusion, on the whole case, is that It is ordered that plaintiffs motion for summary judgment is denied, defendant’s cross-motion is granted, and the petition is dismissed.
Plaintiffs motion for reconsideration and suggestion for rehearing en banc was denied February 1, 1980.

 Plaintiffs opening brief was filed on April 6, 1979 and its reply brief on May 25, 1979. Defendant’s brief was filed May 7, 1979.